UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:23-CV-00109-JHM

BRIANNA FERN YOUNG                                            PLAINTIFF

v.

DAVIESS COUNTY DETENTION CENTER                   DEFENDANT

**MEMORANDUM OPINION**

Plaintiff Brianna Fern Young filed this *pro se* civil-rights action pursuant to 42 U.S.C. § 1983. This matter is before the Court on initial review of the complaint [DN 1] pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss this action.

**I.**

Plaintiff is an inmate currently incarcerated at the Daviess County Detention Center ("DCDC"). At the time she filed this action, she was a pretrial detainee. She names as Defendants the DCDC and Deputies Murray and Powers in their official capacities.

Plaintiff alleges that on May 1, 2023, Deputy Murry informed the sheriff that she did not need a sack lunch because she would have a tray ready when Plaintiff returned from court. When Plaintiff returned from court, she did not receive a tray and had to wait to dinner to eat.

Plaintiff further asserts that on June 18, 2023, her rights were violated by Deputy Powers because Plaintiff did not receive her medicine on that day. Plaintiff contends that when Deputy Powers took Plaintiff "up front to hand me off to Sherifs for court," Plaintiff asked about her medicine. [DN 1 at 4]. Plaintiff states that Deputy Powers did not respond. Upon Plaintiff's return from court, she filed a grievance and was informed that she was supposed to inform the "dept. before Court about meds." [*Id.*].

Finally, Plaintiff claims that her rights were violated again on June 22, 2023, by Deputy Powers. Plaintiff maintains that she requested her medicine before court on that day as she had previously been instructed to do, and Deputy Powers indicated that it was too early for medicine. Plaintiff states that she was put in the video courtroom without her medicine.

Plaintiff seeks monetary damages.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the complaint under 28 U.S.C. § 1915A. Under § 1915A, the Court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*,

951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. DCDC

DCDC is not a "person" subject to suit under § 1983 because municipal departments, such as detention centers, are not suable under § 1983. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Servs.*, No. 99-6706, 238 F.3d 422, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, Daviess County is the proper defendant. *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). The Court therefore will construe the claim against Defendant DCDC as a claim brought against Daviess County. *See Matthews v. LMPD*, No. 3:19-CV-P581-RGJ, 2019 WL 5549209, at *2 (W.D. Ky. Oct. 25, 2019).

### B. Official-Capacity Claims

"Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting

3

*Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claims against Defendants Murry and Powers are actually against their employer, Daviess County.

"[A] municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691. When a § 1983 claim is made against a municipality such as Daviess County, the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality as an entity is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691. To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Here, Plaintiff does not allege that Defendants violated her constitutional rights pursuant to a policy or custom of Daviess County. Accordingly, Plaintiff's official-capacity claims must be dismissed for failure to state a claim upon which relief may be granted.

### C. Individual-Capacity Claims

The complaint is subject to dismissal on the above grounds. The Court may, however, allow Plaintiff to amend her complaint to sue Defendants Murry and Powers in their individual capacities. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[A] district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the [Prison Litigation Reform Act])." However, before doing so, the Court first considers whether amendment would be futile. *See Bishawi v. Ne. Ohio Corr. Ctr.*, 628 F. App'x 339, 347 (6th Cir. 2014) ("Although a district court may allow a plaintiff to amend his complaint before entering a sua sponte dismissal, it is not required to do so, *LaFountain v. Harry*, 716 F.3d [at] 951 . . ., and leave to amend should be denied if the amendment would be futile."). *See also Rollins v. Lane*, No. 4:22CV-P162-JHM, 2023 WL 3232600, at *3 (W.D. Ky. May 3, 2023).

#### 1. Missed Meal

The Court interprets Plaintiff's claim as alleging a conditions-of-confinement claim. "'The Eighth Amendment provides an inmate the right to be free from cruel and unusual punishment. The Due Process Clause of the Fourteenth Amendment provides the same protections to pretrial detainees.'" *Pierce v. Washtenaw Cnty. Jail*, No. 22-12786, 2023 WL 4940051, at *4 (E.D. Mich. June 30, 2023) (quoting *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018)). "Prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)).

A single incident of missing a meal is not sufficient to state a constitutional violation. *See Pierce*, 2023 WL 4940051, at *4 (Fourteenth Amendment); *Cunningham v. Jones*, 667 F.2d 565, 566 (6th Cir. 1982) (per curiam) (holding that one meal per day, over fifteen days, that provided sufficient

5

nutrition to sustain normal health did not violate the Eighth Amendment); *Jackson v. Coyn*, No. 3:17-CV-P61-DJH, 2017 WL 2389400, at *3 (W.D. Ky. June 1, 2017) ("being served unappetizing food or missing one meal does not rise to an Eighth Amendment violation"); *Brooks v. Daniels*, No. 3:12CV-P446-S, 2012 WL 5866453, at *1 (W.D. Ky. Nov. 19, 2012) ("Isolated deprivations of meals to prisoners do not rise to the level of an Eighth Amendment violation . . . ."). Here, Plaintiff has alleged that she missed only one meal. Considering the above case law, Plaintiff has failed to state a claim under the Fourteenth Amendment and, as a result, allowing Plaintiff to amend her complaint to name Deputy Murry in his or her individual capacity would be futile.

### 2. *Denial of Medicine*

"Pretrial detainees have a right to adequate medical care under the Fourteenth Amendment. An officer violates that right if that officer shows deliberate indifference to [a pretrial detainee's] serious medical needs[.]" *Hyman v. Lewis*, 27 F. 4th 1233, 1237 (6th Cir. 2022) (internal citations and quotation marks omitted; brackets in *Hyman*). The Sixth Circuit has articulated the standard for a Fourteenth Amendment claim of deliberate indifference as requiring that a plaintiff must show (1) the existence of a sufficiently serious medical need, and (2) that each defendant 'acted deliberately (not accidentally), [and] also recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Helphenstine v. Lewis Cnty., Ky.*, 60 F.4th 305, 317 (6th Cir. 2023) (quoting *Brawner v. Scott Cnty.*, 14 F.4th 585, 596 (6th Cir. 2021)) (internal quotation marks omitted).

Plaintiff's allegation of two isolated occurrences of failing to administer her medicine does not rise to the level of a constitutional violation. *Norris v. William*, No. 16-2545, 2017 WL 5186371, at *3 (6th Cir. Oct. 23, 2017) ("[A] negligence or medical malpractice claim . . . is not cognizable under 42 U.S.C. § 1983."); *see also Taylor v. Wellpath Med.*, No. 3:22-CV-00705, 2023 WL 309396,

6

at *4 (M.D. Tenn. Jan. 18, 2023). Additionally, Plaintiff does not allege that she suffers from a sufficiently serious medical need or that Deputy Powers acted deliberately or recklessly in administering Plaintiff's medicine. Furthermore, Plaintiff does not allege that she suffered detrimental effects after not receiving her medication on two occasions. Therefore, allowing Plaintiff to amend the complaint to sue Deputy Powers in his or her individual capacity would be futile.

**IV.**

The Court will enter a separate Order of dismissal consistent with this Memorandum Opinion.

Date: February 2, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.014